UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Stephen A. Hodgson,

      Plaintiff,

v.

                                      Civil No. 11-243 (JNE/FLN)
                                      ORDER

Tom Roy, Joan Fabian, John King, Michelle
Smith, Joseph Hobson, Bruce Julson, David
Reishus, Sheryl Vezner, Greg Lindell, John
Doe, Jane Doe, sued in their individual and
official capacities,

      Defendants.

      In a Report and Recommendation dated May 2, 2012, the magistrate judge recommended

that Defendants' Motion to Dismiss or for Summary Judgment be granted in part and denied in

part.  The magistrate judge recommended that Counts II, III, IV, and VI of the Complaint be

dismissed with prejudice; that Count V be dismissed with prejudice insofar as it asserts a claim

for violation of the Fourteenth Amendment; that Count V be dismissed without prejudice insofar

as it asserts a claim for violation of the Establishment Clause; that summary judgment be granted

in favor of Hodgson on Count I insofar as it alleges David Reishus and Sheryl Vezner violated

Hodgson's right of free speech under the First Amendment by confiscating images in May

2010;[1] and that the remaining portion of Count I be dismissed with prejudice.  The magistrate

judge also recommended that Hodgson be awarded nominal damages in the amount of $1.00 and

punitive damages in an amount to be determined at trial.  Defendants and Hodgson objected.

      The Court has conducted a de novo review of the record.  *See* D. Minn. LR 72.2(b).

Based on that review, the Court accepts the recommended dismissals of Counts II through VI, as

---

[1]     Before issuing the Report and Recommendation, the magistrate judge ordered Reishus
and Vezner to file a memorandum of law that explained why Hodgson was not entitled to
summary judgment on Count I.  *See* Fed. R. Civ. P. 56(f).

well as the recommended dismissal of part of Count I.  The Court declines to adopt the

recommendation that summary judgment be granted in favor of Hodgson on part of Count I.

Summary judgment in favor of Reishus and Vezner is appropriate.

Before bringing this action, Hodgson brought an action, Civil No. 08-5120, against state

prison officials under 42 U.S.C. § 1983 (2006) for alleged violations of his right of free speech

under the First Amendment based on interference with his mail.  In that action, a magistrate

judge issued a Report and Recommendation that recommended Defendants' Motion for

Summary Judgment be granted.  In dictum, the magistrate judge expressed a belief that

"Defendants' actions in censoring [Hodgson's] mail" violated the First Amendment.  But the

magistrate judge concluded that the claim was moot because Hodgson received the mail after

successfully appealing to the mailroom supervisor or to the correspondence review authority.

After reviewing objections to the Report and Recommendation, the Court did not adopt the

dictum.  And the Court did not rule that Hodgson's right of free speech had been violated.

Instead, the Court adopted the Report and Recommendation insofar as it recommended the claim

be dismissed as moot.  Hodgson appealed, and the Eighth Circuit concluded that summary

judgment was "proper on Hodgson's claim that defendants violated his First Amendment free-

speech rights by delaying receipt of his mail."  *Hodgson v. Fabian*, 378 F. App'x 592, 594 (8th

Cir. 2010) (per curiam).  The Eighth Circuit reasoned:

> To the extent Hodgson raised a facial challenge to the regulation banning sexually
> explicit material, we have previously recognized a government interest in similar
> regulations.  As to his claim that the regulations were unconstitutional as applied,
> we note that Hodgson received all of the mail at issue after using the prison's
> appeal procedure; and although defendants acknowledge that one item was
> initially improperly withheld, summary judgment is not defeated by "a random
> misapplication of a reasonable regulation."

*Id.* (citations omitted); *cf. Ahlers v. Rabinowitz*, No. 10-1193, 2012 WL 1142279, at *7 (2d Cir.

Apr. 6, 2012) ("Several brief delays do not amount to a First Amendment violation.").

The confiscation of Hodgson's mail at issue in the objections of Reishus and Vezner in this case took place in May 2010, approximately two years after the interference with Hodgson's mail at issue in Civil No. 08-5120.  That month, prison mailroom staff issued a notice of nondelivery because Hodgson's mail contained twelve pages of sexually explicit photographs. Hodgson appealed.  Vezner and Reishus affirmed the mailroom staff's decision.  The confiscated pages included images of statues of Apollo, Dionysus, and Aphrodite.  During the pendency of this action, an associate warden reviewed documents provided by Hodgson's wife, who indicated the documents contained copies of the mail confiscated in May 2010.  The associate warden reviewed the documents, "independently assessed whether they were contraband," determined that they contained "several images of full-frontal nudity," and concluded that the images were nevertheless allowable.  The associate warden provided the documents to Hodgson.

In light of the associate warden's decision, the Court assumes that the images should not have been confiscated in May 2010.  Nevertheless, "summary judgment is not defeated by 'a random misapplication of a reasonable regulation.'"  *Hodgson*, 378 F. App'x at 594 (quoting *Holloway v. Pigman*, 884 F.2d 365, 367 (8th Cir. 1989)); *see Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005) (per curiam) ("[A] single instance of damaged or withheld mail does not constitute a First Amendment violation."); *Johnson v. Wilkinson*, 229 F.3d 1152 (6th Cir. 2000) (unpublished table decision) ("This random and isolated interference with Johnson's mail did not violate his constitutional rights."); *Ping v. Raleigh*, 205 F.3d 1347 (8th Cir. 2000) (unpublished table decision) ("As to *The Paper Mayhem* issue, Ping has not rebutted defendants' evidence that the publication was rejected, mistakenly, only once; thus, even crediting his unsupported argument on appeal that he still has not received the publication and that the matter is therefore not moot, the summary judgment record establishes that defendants do not have a

policy of censoring *The Paper Mayhem*."); *cf. Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir.

1997) ("We have never held or suggested that an isolated, inadvertent instance of opening

incoming confidential legal mail will support a § 1983 damage action.  Rather, we agree with

other circuits that an 'isolated incident, without any evidence of improper motive or resulting

interference with [the inmate's] right to counsel or to access to the courts, does not give rise to a

constitutional violation.'" (alteration in original)).  Viewed in the light most favorable to

Hodgson, the record reveals that the May 2010 confiscation of his mail resulted from an isolated

misapplication of a reasonable regulation.  Summary judgment in favor of Vezner and Reishus is

appropriate.

Even if the confiscation of Hodgson's mail in May 2010 violated his right of free speech

under the First Amendment, Vezner and Reishus would be entitled to qualified immunity.  "The

doctrine of qualified immunity protects government officials 'from liability for civil damages

insofar as their conduct does not violate clearly established statutory or constitutional rights of

which a reasonable person would have known.'"  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)

(quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  "The immunity allows 'officers to

make reasonable errors,' and provides 'ample room for mistaken judgments.'  The defense

protects public officials unless they are 'plainly incompetent' or 'knowingly violate the law.'"

*Borgman v. Kedley*, 646 F.3d 518, 522 (8th Cir. 2011) (citations omitted).  The confiscation of

Hodgson's mail in May 2010 did not violate a clearly established First Amendment right.  *Cf.*

*Bardo v. Clendenin*, No. 11-16031, 2012 WL 2992078, at *1 (9th Cir. July 23, 2012) ("The

district court properly held that defendant prison officials were entitled to qualified immunity

because Bardo did not have a clearly established First Amendment right to retain the ad

depicting side-view nudity."); *Lizotte v. LeBlanc*, 456 F. App'x 511, 513 (5th Cir. 2012)

(affirming district court's rejection of claim that prison officials wrongly confiscated from incoming mail a family photograph of a nude infant), *cert. denied*, 80 U.S.L.W. 3708 (U.S. June 25, 2012).  Civil No. 08-5120's Report and Recommendation itself acknowledged that it did "not constitute an order or judgment of the District Court."  The Court did not adopt its dictum.  That case did not clearly establish Hodgson's right to receive the images confiscated in May 2010.

Finally, Hodgson moved for a temporary restraining order after the parties had fully briefed the objections to the Report and Recommendation.  The relief sought by Hodgson does not relate to the claims made in this case.  The Court denies his motion for a temporary restraining order.  *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam).

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.   Defendants' Motion to Dismiss or for Summary Judgment [Docket No. 41] is GRANTED.

2.   Hodgson's Motion to Dismiss Defendants' Motion for Summary Judgment [Docket No. 57] is DENIED AS MOOT.

3.   Counts I, II, III, IV, and VI of the Complaint are DISMISSED WITH PREJUDICE.

4.   The Fourteenth Amendment claim of Count V is DISMISSED WITH PREJUDICE.  The Establishment Clause claim of Count V is DISMISSED WITHOUT PREJUDICE.

5.   Hodgson's Motion for Temporary Restraining Order [Docket No. 80] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 27, 2012

s/  Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge